# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RALPH D. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00420 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. KYLE SMITH, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Ralph D. White, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against five defendants. One of those defendants was dismissed without prejudice after White failed to provide a valid address at which the defendant could be served. (ECF No. 59.) All claims against the other four defendants were dismissed through orders entered January 4, 2022, and January 11, 2022, both of which were accompanied by separate memorandum opinions.

The January 11, 2022 order contained only four sentences—three sentences setting forth the court's rulings and a fourth sentence directing the Clerk to provide copies to the parties. The final substantive sentence stated, "Because all claims against all defendants have been dismissed, the Clerk shall STRIKE this action from the active docket of the court." (ECF No. 63.) White filed a notice of appeal dated February 2, 2022, and he specifically appealed from both the January 4 and the January 11 orders. (ECF No. 64.) His appeal is currently pending before the United States Court of Appeals for the Fourth Circuit. *See generally White v. Smith*, No. 22-6143 (4th Cir.).

White recently sent to the Clerk of this court three documents. The first requested an

extension of time to file his informal brief. (ECF No. 70.) As the Clerk advised him, motions related to his appeal must be filed with the Fourth Circuit. (ECF No. 71.) The Clerk has submitted those additional records to the appellate court, however, as part of a supplemental electronic appellate record. The other two documents were a motion asking this court to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58(a) (ECF No. 69), and an "Amended Notice of Appeal," which purports to appeal from "the final judgment to be entered by the United States District Court granting judgment to all defendants and disposing of the case in its entirety" (ECF No. 68 at 1).

The court will deny White's motion for entry of a separate judgment (ECF No. 69). As the Fourth Circuit has explained, Rule 58 requires that every judgment shall be set forth on a separate document, and it is the entry of judgment that triggers the time for taking an appeal. *Hughes v. Halifax Cty. Sch. Bd.*, 823 F.2d 832, 834 (4th Cir. 1987); *Wade v. United States*, 599 F. App'x 115, 115 (4th Cir. 2015) ("To comply with the Rule 58 separate document requirements, 'the essentials of a judgment or order [must be] set forth in a written document separate from the court's opinion or memorandum.'" (quoting *Hughes*, 823 F.2d at 835)); *see* Fed. R. App. P. 4(a)(7) (explaining that if Rule 58 requires a separate document or order, it is considered entered when set forth in a separate document and entered on the civil docket or, if not set forth in a separate document, after 150 days has run from its entry).

The separate document need not be titled "Judgment," but

> the form and content of the document at issue are determinative. Brevity is an important factor: an order unaccompanied by a long explanation is likely to be considered a "judgment." *See, e.g., United States v. Perez,* 736 F.2d 236, 237 n. 1, 238 (5th Cir.1984) (succinct order with no explanation held to be a judgment under Rule 58); *Weinberger v. United States,* 559 F.2d 401 (5th Cir.1977). The *Weinberger*

> court held that the relevant document was a "judgment," although it included a short explanation with one case citation. The court, however, stated that "doubtless very little more would have rendered the order vulnerable to appellant's attack [based on Rule 58]." *Id.* at 402.
>
> By contrast, a document which attempts to combine the court's reasoning and its final disposition is not likely to be considered a "separate document" under Rule 58. *See, e.g., Gregson & Associates v. Virgin Islands,* 675 F.2d 589, 593 (3d Cir.1982); *State National Bank v. United States,* 488 F.2d 890 (5th Cir.1974).

*Hughes*, 823 F.2d at 835.

In this case, the court's January 11, 2022 order was very brief, included no reasoning or citation to authority, and made clear that it was a final order disposing of all claims against all defendants and that the case should be closed. (ECF No. 63.) It thus qualifies as a separate document entering judgment. *See Hughes*, 823 F.2d at 835; *Bey v. Hightower*, 764 F. App'x 367, 367 n.\* (4th Cir. 2019) (holding that district court's order was "sufficiently brief to comply with Fed. R. Civ. P. 58"). As a result, there is no need to enter an additional separate judgment, as White requests.

Moreover, as the *Hughes* court noted, the separate document requirement can be deemed waived if the following factors are satisfied: "(1) the district court must clearly intend that the order it issues represents the final judgment; (2) the judgment must be recorded in the clerk's docket; and (3) the parties must show that they view the order as a final judgment, by proceeding with a timely appeal." *Id.* at 835–36. All three of those factors are satisfied here. The court's language in its January 11 order clearly states that the case should be closed because all claims against all defendants had now been dismissed, and the Clerk recorded the order separately on the docket. As to the third factor, and despite White's belated request for a separate judgment, he timely appealed from the court's first judgment order. Thus, even if the

court's order did not satisfy the separate document requirement, White has waived that failure. *See id.*; *cf.* Fed. R. Civ. P. 4(a)(7)(b) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order.").

## **CONCLUSION**

For these reasons, White's motion requesting entry of a final judgment pursuant to Federal Rule of Civil Procedure 58(a) (ECF No. 69) is **DENIED**.

The clerk is directed to forward a copy of this Order to the parties and to transmit a copy to the United States Court of Appeals for the Fourth Circuit.

**ENTERED** this 19th day of April, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE